■ 34 FUNDING ASSOCIATES, INC., Respondent, v THOMAS A. POLLAK, Appellant, et al., Defendants. [811 NYS2d 352]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered August 9, 2004, which denied defendant Pollak's motion to vacate a July 23, 2001 judgment of foreclosure and sale, unanimously affirmed, with costs.

Although plaintiff's predecessors in this mortgage foreclosure action apparently failed to serve the summons and complaint on Pollak within 30 days after filing the notice of pendency, as required by CPLR 6512, Pollak did sign a stipulation of settlement with the substitute plaintiff on January 12, 2001, consenting to jurisdiction in Supreme Court, as well as to the referee's report of sale showing $1,434,206.60 due plaintiff, and to the entry of a judgment of foreclosure and sale accordingly. Given that stipulations of settlement are favored by the courts and are not lightly cast aside (*see Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *Board of Mgrs. of Atrium Condominium v West*

*79th St. Corp.*, 19 AD3d 241 [2005]), we find that Pollak has not set forth sufficient cause to invalidate the stipulation (*see Clark v Bristol-Myers Squibb & Co.*, 306 AD2d 82 [2003]).

With respect to Pollak's claims that the receiver, David Stringer, who was removed over three years prior to the stipulation of settlement, and the mortgagee-in-possession, WHC, Inc., which assigned the subject mortgage over a year and a half prior to the stipulation, retained monies and did not comply with their fiduciary duties, these claims arose out of the same transaction and could have been litigated during the three years prior to the stipulation. Accordingly, res judicata bars Pollak from litigating these claims that could have been part of the stipulation of settlement (*see Matter of Hofmann*, 287 AD2d 119 [2001]; *Marinelli Assoc. v Helmsley-Noyes Co.*, 265 AD2d 1 [2000]).

We have examined Pollak's remaining arguments and find them without merit. Concur—Andrias, J.P., Saxe, Friedman, Catterson and Malone, JJ.