[882 NE2d 879, 853 NYS2d 267]

Financial Industry Regulatory Authority, Inc., Formerly
Known as National Association of Securities Dealers,
Inc., Respondent, v John J. Fiero et al., Appellants.

Argued January 2, 2008; decided February 7, 2008

## POINTS OF COUNSEL

*Gusrae, Kaplan, Bruno & Nusbaum PLLC,* New York City (*Brian D. Graifman* and *Elliot Wales* of counsel), for appellants. I. Subject matter jurisdiction over this matter is doubtful. (*Editorial Photocolor Archives v Granger Collection,* 61 NY2d 517; *American Distilling Co. v Brown,* 295 NY 36; *Merrill Lynch, Pierce, Fenner & Smith, Inc. v Dabit,* 547 US 71; *United States Sec. & Exch. Commn. v Vittor,* 323 F3d 930; *Grable & Sons Metal Products, Inc. v Darue Engineering & Mfg.,* 545 US 308.) II. The action is untimely as based on an arbitration award. (*Kabia v Koch,* 186 Misc 2d 363; *Kingsbridge Ctr. of Israel v Turk,* 98 AD2d 664; *Matter of Penn Cent. Corp. [Consolidated Rail Corp.],* 56 NY2d 120; *Drivers v Riss & Co.,* 372 US 517; *The Mauretania,* 80 F2d 225; *Merritt v Thompson,* 27 NY 225; *International Longshoremen's Assn., AFL-CIO v Hellenic Lines, Ltd.,* 549 F Supp 435; *Matter of King v Nikko Sec. Co. Intl.,* 179 AD2d 490; *Sloan v New York Stock Exch., Inc.,* 489 F2d 1; *Matter of Hellman [Wolbrom],* 31 AD2d 477.) III. The National Association of Securities Dealers cannot judicially enforce collection of a disciplinary fine. (*United States Sec. & Exch. Commn. v Vittor,* 323 F3d 930; *National Assn. of Sec. Dealers, Inc. v Securities & Exch. Commn.,* 431 F3d 803; *FTC v Bunte Brothers, Inc.,* 312 US 349; *Merchants Ladies Garment Assn., Inc. v Coat House of Wm. M. Schwartz, Inc.,* 152 Misc 130; *Varley v Tarrytown Assoc., Inc.,* 477 F2d 208; *American Men's & Boys' Clothing Mfrs.' Assn., Inc. v Proser,* 190 App Div 164; *Sloan v New York Stock Exch., Inc.,* 489 F2d 1.)

*Terri L. Reicher, Associate General Counsel, Financial Industry Regulatory Authority, Inc.,* Washington, D.C. and New York City, for respondent. I. The court below properly held that the statute of limitations in CPLR 7510 does not apply to this case because the National Association of Securities Dealers disciplinary proceedings are not "arbitration." (*Datek Sec. Corp. v National Assn. of Sec. Dealers, Inc.,* 875 F Supp 230; *Maschler v National Assn. of Sec. Dealers, Inc.,* 827 F Supp 131; *McLaughlin, Piven, Vogel, Inc. v National Assn. of Sec. Dealers, Inc.,* 733 F Supp 694; *Schubtex, Inc. v Allen Snyder, Inc.,* 49 NY2d 1; *Matter of Marlene Indus. Corp. [Carnac Textiles],* 45 NY2d 327; *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509; *Matter of Lehman v Ostrovsky,* 264 NY 130; *Matter of Riverdale Fabrics Corp.*

*[Tillinghast-Stiles Co.]*, 306 NY 288; *Matter of Doughboy Ind.
[Pantasote Co.]*, 17 AD2d 216; *Matter of Waldron [Goddess]*, 61
NY2d 181.) II. The National Association of Securities Dealers
may maintain collection actions for debts that Fieros contractu-
ally agreed to pay. (*Markowski v Securities & Exch. Commn.*, 34
F3d 99; *Sigma Phi Socy. [Alpha of N.Y.] v Rensselaer Fraternity
Mgrs. Assn.*, 114 AD2d 711; *Colodney v New York Coffee &
Sugar Exch.*, 4 AD2d 137, 4 NY2d 698; *Merchants Ladies Gar-
ment Assn., Inc. v Coat House of Wm. M. Schwartz, Inc.*, 152
Misc 130; *United States Sec. & Exch. Commn. v Vittor*, 323 F3d
930; *Securities & Exch. Commn. v Mohn*, 465 F3d 647.) III.
New York State courts have subject matter jurisdiction over the
National Association of Securities Dealers collection actions.
(*Hunt v Hunt*, 72 NY 217; *Kagen v Kagen*, 21 NY2d 532;
*Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159; *Matter of
Fry v Village of Tarrytown*, 89 NY2d 714.)

### OPINION OF THE COURT

READ, J.

In the early 1990s, John J. Fiero registered with the National
Association of Securities Dealers, Inc. (NASD) (now called the
Financial Industry Regulatory Authority, Inc. or FINRA), a self-
regulatory organization (SRO), as a securities representative.
Relatedly, Fiero Brothers—a broker-dealer firm owned by Fiero,
the company's president and sole employee—became a member
of NASD.* SROs are quasi-governmental entities with a duty
under the Securities Exchange Act of 1934, as amended, "to
promulgate and enforce rules governing the conduct of [their]
members" (*Barbara v New York Stock Exch., Inc.*, 99 F3d 49, 51
[2d Cir 1996]; *see* 15 USC § 78c [a] [26]; § 78f [b]; § 78s [g]).
The SEC must approve or reject any rule, practice, policy or in-
terpretation proposed by an SRO (*see* 15 USC § 78s [b]; *Barbara*,
99 F3d at 51 [describing role of SROs in enforcing federal secu-
rities laws]).

When Fiero applied for securities industry registration with
NASD, he signed Form U-4 in which he "agree[d] to be subject

---

* On July 26, 2007, the Securities and Exchange Commission (the Commis-
sion or SEC) gave the final regulatory approval needed for consolidation of
NASD and NYSE Regulation, Inc., a wholly-owned subsidiary of New York
Stock Exchange LLC, to form FINRA. Essentially, the member firm regulation
and enforcement functions and employees from NYSE Regulation transferred
to NASD, which then adopted FINRA as its new corporate name. As a result
of the consolidation, FINRA is the sole SRO providing member firm regula-
tion for securities firms that do business with the public in the United States
(*see* 72 Fed Reg 42169, 42170 [Aug. 1, 2007]).

to and comply with all requirements, rulings, orders, directives and decisions of, and penalties, prohibitions and limitations imposed by [NASD], subject to right of appeal or review as provided by law." Similarly, Fiero Brothers subjected itself to NASD's rules and discipline when it filed Form BD to apply for broker-dealer registration.

On February 6, 1998, NASD's Department of Enforcement filed a disciplinary complaint alleging that Fiero and Fiero Brothers (collectively the Fieros) had carried out a so-called "bear raid" to drive down the price of securities underwritten by another NASD member, causing that firm and its clearing firm to collapse while generating significant profits for the Fieros. In October 1999, an NASD hearing panel held a disciplinary hearing on the complaint; on December 6, 2000, the panel issued a decision finding that the Fieros had violated section 10 (b) of the Securities Exchange Act (15 USC § 78j [b]), SEC rule 10b-5 and NASD rules 2120 and 2110. The panel ordered Fiero Brothers expelled from NASD membership; barred Fiero from associating with any member firm in any capacity; fined the Fieros, jointly and severally, $1 million; and imposed hearing costs totaling $10,809.25. The Fieros appealed to NASD's National Adjudicatory Council, which affirmed the panel's findings and upheld its sanctions in a decision dated October 28, 2002.

The Fieros did not exercise their statutory rights to appeal the NASD's final disciplinary disposition to the SEC and, if aggrieved by the Commission's final order, the United States Court of Appeals (see 15 USC § 78s [d]; § 78y [a]). The SEC may bring an action in federal district court to enforce its order affirming sanctions imposed by NASD for violation of the Securities Exchange Act and its implementing rules (see 15 USC § 78u [e] [1]; see also United States Sec. & Exch. Commn. v Vittor, 323 F3d 930 [11th Cir 2003]).

On December 22, 2003, NASD commenced an action in Supreme Court, alleging that the Fieros had refused to pay the fine and costs, "although due and duly demanded," and seeking judgment against them in the amount of $1,010,809.25, plus interest, costs and disbursements. The Fieros subsequently moved to dismiss the complaint, principally claiming that NASD lacked authority to recover the fine because it "was not affirmed by the SEC, confirmed by a court, or otherwise converted into a judgment"; for its part, NASD moved to dismiss numerous counterclaims asserted by the Fieros.

On September 12, 2005, Supreme Court granted NASD's motion and denied the Fieros' motion, concluding that "NASD's claim [was] firmly based on ordinary principles of contract law" since the Fieros "expressly agreed to comply with all NASD rules, including the imposition of fines and sanctions" (*National Assn. of Sec. Dealers, Inc. v Fiero*, 2005 NY Slip Op 30161[U], *2) when they executed NASD registration forms. The court further observed that "New York state courts have long recognized the right of a private membership organization to impose fines on its members, when authorized to do so by statute, charter or by-laws" (*id.* at *4), and that "NASD is not 'just a private club,' but a self-regulatory organization, federally-mandated under . . . the Exchange Act to discipline its members and enforce the federal securities laws as well as its own SEC-approved rules" (*id.* at *5). Supreme Court concluded that "[t]he NASD rules relied on by [NASD] appear[ed] to authorize imposition and collection of [the] fines" at issue (*id.* at *7).

The Fieros soon thereafter moved for summary judgment dismissing the complaint as time-barred under CPLR 215 (5) and 7510, which prescribe one-year limitations periods for an action upon an arbitration award and a proceeding to confirm an arbitration award respectively. On December 14, 2005, Supreme Court denied this motion, rejecting the notion that the disciplinary proceeding was an arbitration.

Next, NASD moved for summary judgment, and on May 11, 2006, Supreme Court granted the motion, awarding NASD over $1.3 million in fines and costs plus interest from December 2, 2002. Supreme Court observed that "NASD [had] met its burden of establishing a *prima facie* basis for entitlement to summary judgment" by submitting documentary evidence demonstrating undisputed facts in what "really amount[ed] to a collection action to recover fines and costs levied by NASD against [the Fieros] in a . . . disciplinary proceeding" (*National Assn. of Sec. Dealers, Inc. v Fiero*, 2006 NY Slip Op 30302[U], *6). The court also concluded that the Fieros' affirmative defense of selective enforcement was not "legally or factually sufficient to justify denial of summary judgment" (*id.* at *6).

The Fieros appealed Supreme Court's order and judgment granting NASD summary judgment. On October 26, 2006, the First Department unanimously affirmed in an opinion endorsing Supreme Court's reasoning. We subsequently granted the Fieros' motion for leave to appeal, and now reverse on the ground that state courts do not have subject matter jurisdiction

over this lawsuit. Although the issue of subject matter jurisdiction was not raised in the lower courts, "a court's lack of subject matter jurisdiction is not waivable, but may be [raised] at any stage of the action, and the court may, *ex mero motu* [on its own motion], at any time, when its attention is called to the facts, refuse to proceed further and dismiss the action" (*Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 718 [1997] [internal quotation marks and citation omitted]).

Section 27 of the Securities Exchange Act provides that "[t]he district courts of the United States . . . shall have *exclusive jurisdiction* of violations of [the Securities Exchange Act] or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by [the Securities Exchange Act] or the rules and regulations thereunder" (15 USC § 78aa [emphasis added]). In this case, NASD is not seeking to adjudicate a state law claim. Instead, NASD brought this action to enforce a penalty imposed on the Fieros as a result of disciplinary proceedings provided for by the Securities Exchange Act for violations of the Securities Exchange Act and its implementing rules. Section 27 vests federal district courts with exclusive jurisdiction to entertain such a suit. Thus, state courts do not possess the power to hear and decide this controversy (*see American Distilling Co. v Brown*, 295 NY 36 [1945]). Because of our disposition of this appeal, we do not reach and express no opinion on any of the other issues raised by the parties and decided by the courts below.

Accordingly, the Appellate Division's order should be reversed, with costs, and the complaint dismissed.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, SMITH, PIGOTT and JONES concur.

Order reversed, etc.