John J. FIERO and Fiero Brothers, Inc., Plaintiffs,

v.

FINANCIAL INDUSTRY REG-ULATORY AUTHORITY, INC., Defendant.

No. 08 Civ. 1298 (VM).

United States District Court, S.D. New York.

July 24, 2009.

Brian Dale Graifman, Gusrae, Kaplan, Bruno & Nusbaum, PLLC, New York, NY, for Plaintiffs.

Terri L. Reicher, National Association of Securities Dealers, Washington, DC, for Defendant.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

By Order dated March 30, 2009, the Court granted the motion of Financial Industry Regulatory Authority, Inc. ("FINRA") to dismiss the declaratory judgment action brought by John J. Fiero and Fiero Brothers, Inc.'s (the "Fieros"), denied the Fieros' motion to dismiss FINRA's counterclaim and directed the Clerk of Court to close the case. The Court's findings, reasoning and conclusions were set forth in a Decision and Order issued on April 2, 2009 (the "April Decision and Order").[1] Shortly thereafter the Court realized that although it was the Court's understanding and intent that the April Decision and Order grant FINRA judgment in the full amount of its counterclaim, the ruling did not specifically direct the Clerk of Court to enter a judgment setting forth the amount that was at issue, $1,010,809.25 with costs and interest. The Court then considered alter-

native ways to correct this inadvertent omission. While it was doing so, the Fieros filed a notice of appeal to the Second Circuit on April 14, 2009. On the same day, FINRA filed a notice of judgment for the amount of its counterclaim. The Fieros objected to the judgment being entered as the Clerk of Court had entered a judgment on March 30, 2009 closing the case without mention of a judgment for the amount of FINRA's counterclaim.

In order to correct the omission in its original order the Court sought remand of the case from the Second Circuit. The Second Circuit granted the Court's request on July 15, 2009, and the Court now, on remand, incorporates by reference the discussion and holdings of the April Decision and Order and directs the Clerk of Court to enter a judgment in the amount of $1,010,809.25 in favor of FINRA.

After the Second Circuit mandate was issued, counsel for the Fieros addressed a letter to the Court, dated July 16, 2009 ("Fiero Letter"), asserting that the Court's decision

> violates the Full Faith and Credit Act, 28 U.S.C. § 1738, in that it recognizes FINRA's cause of action as one for breach of contract under New York State law, when the New York Court of Appeals had already dismissed FINRA's contract cause of action against the Fieros on grounds that the claim was preempted as within exclusive federal submit [sic] matter jurisdiction.... To rebuff the New York Court of Appeals on its determination also violates the Rooker–Feldman doctrine, which holds that lower federal courts have no power to review state court decisions, especially as to state causes of action; only the U.S. Supreme Court can review a state

---

1. The April Decision and Order is reported at *Fiero v. Financial Indus. Reg. Auth., Inc.*, 606 F.Supp.2d 500 (S.D.N.Y.2009).

court judgment. [*referring to Financial Indus. Reg. Auth., Inc. v. Fiero,* 10 N.Y.3d 12, 853 N.Y.S.2d 267, 882 N.E.2d 879, 882 (2008) ].

(Fiero Letter at 1.)

The remand was not intended as an occasion to invite or consider further arguments on the merits of the claims at issue. Nonetheless, because the Court finds the Fieros' assertions as serious though wholly without merit, it will address them briefly herein.

Although the New York Court of Appeals determined that FINRA's cause of action falls under the Securities Exchange Act, *Financial Indus. Reg. Auth.,* 853 N.Y.S.2d 267, 882 N.E.2d at 882, and therefore held that federal courts have exclusive jurisdiction over the claim, the law is clear that a federal district court is not bound by state court interpretations of federal law. *See Ex parte Worcester County Nat. Bank of Worcester,* 279 U.S. 347, 359, 49 S.Ct. 368, 73 L.Ed. 733 (1929) ("[W]hen the question arises as to what is the proper interpretation and construction of federal legislation, this court adopts its own view [rather than that of a state court]."); *Wojchowski v. Daines,* 498 F.3d 99, 110 n. 9 (2d Cir.2007) ("We are, of course, not bound by a state court's interpretation of federal law."); *Gravatt v. City of New York,* No. 97 Civ. 0354, 1998 WL 341941, at *4 (S.D.N.Y. Jun. 26, 1998) ("[federal] preemption is a matter of federal, not state, law"). The New York Court of Appeals' decision constituted a jurisdictional ruling, not one addressing the merits of the underlying dispute.

■ Thus, this Court had the authority to disregard the New York Court of Appeals's characterization of FINRA's cause of action as one preempted by federal law, and instead to exercise diversity jurisdiction over the action and decide the case under applicable state contract law, as it did in the April Decision and Order. In doing so, the Court did not improperly "review a state court judgment," (Fiero Letter at 1), as the Fieros claim in their letter, but rather properly exercised its own authority over the action, which the state courts had not previously resolved on the merits.

The Fieros' invocation to the Full Faith and Credit Act is inapposite. The statute states in relevant part that

The records and judicial proceedings of any court of any ... State, Territory or Possession ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

28 U.S.C. § 1738

■ However, under the Full Faith and Credit Act, the preclusive effect of a state court determination is governed by that state's law. *See Marrese v. Am. Acad. of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). The Court's April Decision and Order made clear that, under New York preclusion law, FINRA's claim is not barred by the New York Court of Appeals's dismissal because that determination was based on that court's finding that it lacked subject matter jurisdiction over the action, and not on the merits of the underlying claims. *See Fiero v. Financial Indus. Reg. Auth., Inc.,* 606 F.Supp.2d 500, 510 (S.D.N.Y. 2009). The Full Faith and Credit Act thus does not affect or change the Court's preclusion analysis in any way.

The Fieros' invocation of the *Rooker–Feldman* doctrine is equally without basis in law. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005); *Hoblock v. Albany County Bd. of Elect.,* 422 F.3d 77, 85 (2d Cir.2005); *Glatzer v. Bar-*

*one*, 614 F.Supp.2d 450, 462–63 (S.D.N.Y. 2009).

Accordingly, it is hereby

**ORDERED** that the Clerk of the Court enter a judgment in favor of the Financial Industry Regulatory Authority, Inc., in the amount of $1,010,809.25 with costs and interest.

**SO ORDERED.**