Order of the Appellate Term of the Supreme Court, First Department, entered February 1, 2012, which reversed an order, of the Civil Court, New York County (Ann E. O’Shea, J.), entered March 30, 2011, granting respondent’s motion to vacate a default judgment, and reinstated the default judgment, unanimously reversed, on the law, without costs, and the matter remanded to Civil Court for a hearing in accordance with this decision.
The Civil Court granted tenant’s motion to vacate the default judgment entered in landlord’s nonpayment proceeding on the ground that landlord’s affidavit showed that its attempt to effectuate service of the notice and petition did not comply with *611 REAPL 735 (1) and, therefore, personal jurisdiction was never obtained over tenant. The Appellate Term reversed to deny the motion and reinstate the default judgment on the ground that the tenant did not present an excuse for his calendar default or show a meritorious defense to the landlord’s underlying claim. Further, the Appellate Term determined that the tenant’s bald assertion that he “never lived” at the subject premises, even if true, did not constitute a meritorious defense or provide a proper basis to set aside the so-ordered stipulations settling the underlying nonpayment “summary” proceeding.
The Civil Court improperly decided tenant’s motion to vacate the default judgment entered in landlord’s nonpayment proceeding without conducting a hearing to resolve the threshold issue of personal jurisdiction. The petition was purportedly resolved by so-ordered stipulations dated July 24, 2009 and August 26, 2009, which, if signed by the tenant, would constitute a waiver of his lack of personal jurisdiction defense (see Option One Mtge. Corp. v Daddi, 60 AD3d 920 [2d Dept 2009]; 34 Funding Assoc., Inc. v Pollak, 26 AD3d 182 [1st Dept 2006]; General Motors Acceptance Corp. v Gegzno, 225 AD2d 828 [3d Dept 1996], appeal dismissed 88 NY2d 1017 [1996]). However, tenant, in a sworn affidavit, maintains that he did not sign the stipulations and that his son forged his signature. Contrary to landlord’s claim, it is not “patently obvious” that the signatures on the lease, tenant’s passport (which tenant claims was stolen), and the stipulations “are identical.” Thus, on this particular record, as a threshold matter, a hearing is required to resolve this question of fact.
If the court determines that the tenant signed the stipulations, then it must deny his motion to vacate the default. If, however, the court finds that the tenant did not sign the stipulations, upon review of the tenant’s affidavit, the facts are sufficient to warrant a traverse hearing. The tenant’s motion for relief from the default judgment was supported by an affidavit stating that he was improperly served, that he was not the premises’ tenant, and that he never lived at the address in dispute. He avers that “[i]t is either a different Bernard Jacobs or my so[n].” In light of this evidence, an issue of fact exists as to whether the landlord validly served the tenant in accordance with RPAPL 735 (1) (a). Accordingly, the Civil Court must conduct a hearing to determine whether the tenant is entitled to relief from the judgment under CPLR 5015 (a) (4). Concur— Andrias, J.P, Friedman, Acosta, Freedman and Clark, JJ. [Prior Case History: 34 Mise 3d 143(A), 2012 NY Slip Op 50099(U).]