■ INDYMAC BANK, F.S.B., Respondent, v DIANA J. YANO-HOROSKI, Appellant, et al., Defendants. [965 NYS2d 888]—

In an action to foreclose a mortgage, the defendant Diana J. Yano-Horoski appeals from so much of an order of the Supreme Court, Suffolk County (Garguilo, J.), dated February 6, 2012, as denied her motion, inter alia, pursuant to CPLR 317 and 5015 (a) (3) to vacate a judgment of foreclosure and sale of the same court (McNulty, J.), dated January 12, 2009, entered upon her default in appearing or answering the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant was not entitled to vacatur of the judgment of foreclosure and sale pursuant to CPLR 317, since she failed to demonstrate that she did not receive notice of this action in time to defend it (*see Bank of N.Y. v Espejo*, 92 AD3d 707, 709 [2012]; *Deutsche Bank Natl. Trust Co. v Matos*, 77 AD3d 606, 607 [2010]). In addition, the defendant was not entitled to vacatur pursuant to CPLR 5015 (a) (3). Under the circumstances of this case, the defendant failed to move for relief pursuant to CPLR 5015 (a) (3) within a reasonable time after entry of the judgment (*see Bank of N.Y. v Stradford*, 55 AD3d 765, 765 [2008]; *Rizzo v St. Lawrence Univ.*, 24 AD3d 983, 984 [2005]). In any event, her claims of fraud are unsupported by the record (*see Bank of N.Y. v Stradford*, 55 AD3d at 766; *Aames Capital Corp. v Davidsohn*, 24 AD3d 474, 475 [2005]).

In light of our determination, we need not address the parties' remaining contentions. Skelos, J.P., Angiolillo, Dickerson and Roman, JJ., concur.