■ MASPETH FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent, v FRANK E. SLOUP, Also Known as FRANK SLOUP, et al., Appellants. TRACEY SLOUP, Nonparty Appellant. [998 NYS2d 409]—

In an action to foreclose a mortgage, the defendants Frank E. Sloup, also known as Frank Sloup, and Crabs Unlimited, LLC, and nonparty Tracey Sloup appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated October 18, 2013, as denied those branches of their motion which were to vacate (a) a judgment of foreclosure and sale of the same court entered November 2, 2005, upon the failure of the defendants Frank E. Sloup, also known as Frank Sloup, and Crabs Unlimited, LLC, to appear or answer the complaint, and (b) an order of the same court dated January 6, 2011, granting the plaintiff's unopposed motion for summary judgment in a related action pending in the same court under index No. 32917/08 against Tracey Sloup for reforeclosure of the mortgage pursuant RPAPL 1503.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2005, the plaintiff commenced the instant mortgage foreclosure action under index No. 2226/05 against the defendants Frank E. Sloup, also known as Frank Sloup (hereinafter Frank), and Crabs Unlimited, LLC, and a notice of pendency was filed against the subject property, which comprised two lots. Upon the defendants' failure to answer the complaint, a judgment of foreclosure and sale was entered on November 2, 2005. On October 2, 2006, the defendants and the plaintiff entered into a stipulation of settlement whereby the defendants acknowledged proper service of the summons and complaint, and agreed that they had no defense to the action and would not move to vacate the judgment of foreclosure and sale or otherwise contest its validity.

The plaintiff purchased the subject property at the foreclosure sale. However, after the plaintiff attempted to sell the property to a third party, the attorney for the prospective purchaser discovered, by means of a title report, that the nonparty Tracey Sloup (hereinafter Tracey) was also an owner of the subject property. In 2008, the plaintiff commenced a new action against Tracey under Suffolk County index No. 32917/08 pursuant to RPAPL 1503 to foreclose Tracey's right to enforce her equity of redemption (hereinafter the reforeclosure action). In the reforeclosure action, the plaintiff's motion for summary judgment was granted in an order dated January 6, 2011, without opposition, and Tracey's motion to vacate that order was denied.

By order to show cause dated May 1, 2013, the defendants

and Tracey moved in the instant action, inter alia, to vacate (a) the judgment of foreclosure and sale entered November 2, 2005, in the instant action under index No. 2226/05, and (b) the order dated January 6, 2011, which granted the plaintiff's unopposed motion for summary judgment in the reforeclosure action. The Supreme Court denied the motion of the defendants and Tracey. We affirm the order insofar as appealed from.

That branch of the motion which was to vacate the order dated January 6, 2011, entered in the reforeclosure action against Tracey was improperly made in the instant action pending under index No. 2226/05. Therefore, that branch of the motion was properly denied.

Further, as previously noted, the plaintiff and the defendants entered into a stipulation of settlement in the instant action. Stipulations of settlement are judicially favored and will not lightly be set aside (see Hallock v State of New York, 64 NY2d 224, 230 [1984]; Yan Ping Liang v Wei Xuan Gao, 118 AD3d 696, 697 [2014]; 34 Funding Assoc., Inc. v Pollak, 26 AD3d 182 [2006]). Pursuant to the terms of that stipulation, the defendants agreed that they would not move to vacate the judgment of foreclosure and sale.

As an "interested person," Tracey, who was not a party to the stipulation of settlement, had standing to move to vacate the judgment of foreclosure and sale entered in the instant action under index No. 2226/05 (CPLR 5015 [a]; see Oppenheimer v Westcott, 47 NY2d 595, 602 [1979]). She claimed that that judgment should be vacated pursuant to CPLR 5015 (a) (4), for lack of subject matter jurisdiction on the ground that the plaintiff failed to file a valid notice of pendency with respect to one of the lots at least 20 days before the judgment of foreclosure and sale was rendered (see RPAPL 1331). The issue of subject matter jurisdiction is not waivable, and may be raised at any time (see Financial Indus. Regulatory Auth., Inc. v Fiero, 10 NY3d 12, 17 [2008]). However, the notice of pendency requirement pursuant RPAPL 1331 was an "element" of the plaintiff's cause of action, not a jurisdictional defect (Slutsky v Blooming Grove Inn, 147 AD2d 208, 212 [1989]; see Bankers Trust Co. of Cal. v Lifson, 5 AD3d 710 [2004]). Accordingly, the fact that Tracey failed to move for relief within a reasonable time after entry of the judgment of foreclosure and sale warranted the denial of her motion (see Indymac Bank, F.S.B. v Yano-Horoski, 107 AD3d 672 [2013]; Bank of N.Y. v Stradford, 55 AD3d 765, 765-766 [2008]).

Accordingly, we affirm the order insofar as appealed from. Eng, P.J., Cohen, Hinds-Radix and LaSalle, JJ., concur.