PB 2180 Pitkin Avenue, LLC, Respondent,
against
Mark Tress, Appellant, Kinder Stuff 10, LLC, Tenant, et al., Undertenants. 




Law Offices of Elliott S. Martin (Elliott S. Martin of counsel), for appellant.
Joseph Obermeister, Esq., for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Harriet L. Thompson, J.), dated March 20, 2017. The order denied a motion by Mark Tress to vacate, pursuant to CPLR 5015 (a) (1), so much of a final judgment of that court entered November 25, 2013 as was entered against him in a nonpayment proceeding.




ORDERED that the order is reversed, without costs, on the court's own motion so much of the final judgment entered November 25, 2013 as was entered against Mark Tress is vacated and so much of the petition as is against him is dismissed for lack of subject matter jurisdiction, and the motion by Mark Tress to vacate, pursuant to CPLR 5015 (a) (1), that portion of the final judgment is denied as moot.
The petition in this nonpayment proceeding names both Kinder Stuff 10, LLC (Kinder Stuff) and Mark Tress as tenants. The petition alleges a default under a lease which identifies the tenant as Kinder Stuff, is signed by "Mark Tress- Principal," and includes a guaranty that is also signed by Tress. A stipulation of settlement was executed, which Tress signed on behalf of Kinder Stuff as "Principal, member and personal guarantor." Landlord subsequently moved for leave to enter a final judgment, alleging that the stipulation had been breached, and the motion was granted "without written opposition." A final judgment was entered awarding landlord possession as against Kinder Stuff and Tress, and the sum of $174,478 as against Tress only. Tress moved, pursuant to CPLR 5015 (a) (1), to vacate, based on excusable default, so much of the final judgment as had been entered against him, and appeals from the denial of that motion.
On appeal, Tress argues that the Civil Court lacked subject matter jurisdiction over so much of the proceeding as was brought against him, since he was merely a guarantor. Landlord responds that Tress waived this objection by not raising it in the Civil Court.
"A judgment or order issued without subject matter jurisdiction is void, and that defect [*2]may be raised at any time and may not be waived" (Editorial Photocolor Archives v Granger Collection, 61 NY2d 517, 523 [1984]; see Financial Indus. Regulatory Auth., Inc. v Fiero, 10 NY3d 12, 17 [2008]; Matter of Fry v Village of Tarrytown, 89 NY2d 714, 718 [1997]). In support of his motion, Tress demonstrated that he is not a tenant, as he had signed the lease only in his capacity as principal of Kinder Stuff, and not as a tenant in his individual capacity (see Salzman Sign Co. v Beck, 10 NY2d 63 [1961]). Indeed, the record reflects that Tress's liability in this proceeding, as litigated by landlord and imposed by the Civil Court, is based upon the guaranty he signed within the lease, and not his alleged status as a tenant. Since, in a summary proceeding, the court lacks subject matter jurisdiction to adjudicate a debt owed to the landlord by a guarantor of the rent (see State Realty, LLC v Ger,55 Misc 3d 133[A], 2017 NY Slip Op 50439[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; MTC Commons, LLC v Millbrook Training Ctr. & Spa, Ltd., 50 Misc 3d 135[A], 2016 NY Slip Op 50048[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]), the court, on its own motion (see Financial Indus. Regulatory Auth., Inc., 10 NY3d 12; see also CPLR 409 [b]), should have vacated so much of the final judgment as was against Tress and dismissed so much of the petition as was against him, for lack of subject matter jurisdiction.
Accordingly, the order is reversed, on the court's own motion so much of the final judgment entered November 25, 2013 as was entered against Mark Tress is vacated and so much of the petition as is against him is dismissed for lack of subject matter jurisdiction, and the motion by Mark Tress to vacate, pursuant to CPLR 5015 (a) (1), that portion of the final judgment is denied as moot.
PESCE, P.J., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 23, 2019