Samuel LESJAK, Appellant–Defendant,

v.

## NEW ENGLAND FINANCIAL, Appellee–Plaintiff.

No. 29A02–0706–CV–499.

Court of Appeals of Indiana.

Jan. 28, 2008.

Lee B. McTurnan, Michael R. Limrick, McTurnan & Turner Indianapolis, IN, Attorneys for Appellant.

Fred Pfenninger, Pfenninger & Associates, Indianapolis, IN, Attorney for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-defendant Samuel Lesjak appeals the trial court's order requiring that he arbitrate the claim filed against him by appellee-plaintiff New England Financial in a forum other than the National Association of Securities Dealers (NASD). We find that the substance of this appeal is moot, inasmuch as New England Financial began arbitration proceedings with the NASD during the pendency of this appeal, notwithstanding the fact that it had argued and represented to the trial court for months that the claim was not arbitrable by the NASD. We also find, however, that Lesjak has established that he is entitled to appellate attorney fees and costs for New England Financial's bad faith during this appeal. Thus, we dismiss the appeal as moot and remand to the trial court with instructions to consider whether Lesjak is entitled to attorney fees and costs for the litigation that occurred prior to this appeal and to calculate the amount of appellate attorney fees and costs to which Lesjak is entitled.

### FACTS

Lesjak was employed by New England Securities as a broker/dealer. As a condition of his employment, Lesjak had to sign a "Form U4" (the Agreement), the purpose of which is to register with NASD [1]

---

**1.** In July 2007, the NASD consolidated its operations and merged with another entity,

for the buying and selling of securities to the public. The Agreement stated that Lesjak's employer was "New England Securities[.]" Appellant's App. p. 20. Additionally, among other things, the Agreement included an attachment called the "NASD Arbitration Disclosure Form," pursuant to which Lesjak agreed to arbitrate "any dispute, claim or controversy that may arise" between Lesjak and New England Securities that was required to be arbitrated by the NASD. *Id.* at 34.

As part of his employment, Lesjak was reimbursed for the salary of his assistant. After Lesjak terminated his employment with New England Securities, the firm sought the return of past payments to Lesjak for his assistant's salary.

On August 21, 2006, New England Financial filed a "Complaint on Account" against Lesjak, alleging that Lesjak owed a debt to New England Financial in the amount of $24,461.24. *Id.* at 5. Attached to the complaint was a letter written to Lesjak by Timothy L. Johnston, Managing Partner of New England Securities. The letterhead stated that "New England Financial" is not a legal entity and is instead

> the service mark for New England Life Insurance Company and related companies. Securities products and invest advisory services are offered through registered representatives and managing partners respectively of New England Securities, a broker/dealer (member NASD/SIPC) and a registered investment advisor. . . .

*Id.* at 6. Neither the one-page complaint nor its caption stated which company under the "New England Financial" service mark was suing Lesjak.

On November 13, 2006, Lesjak filed a motion to compel arbitration before the NASD pursuant to the Agreement. On November 21, 2006, New England Financial opposed Lesjak's motion, arguing solely that Lesjak, not New England Financial, had agreed to arbitrate certain claims, and that even if New England Financial had agreed to arbitrate certain claims, its instant claims against Lesjak were not covered by any such agreement. On November 22, 2006, the trial court granted Lesjak's motion and ordered the parties to submit this matter to NASD arbitration.

Despite the court order, New England Financial failed to submit the case to arbitration. Instead, on April 17, 2007—137 days after the court order had been entered—New England Financial filed a "Motion to Reconsider Order Directing New England Financial To Submit This Matter To The NASD For Binding Arbitration And For Stay Of Proceedings[.]" *Id.* at 39. In this pleading, for the first time, New England Financial changed its designation in the caption to be "New England Financial AKA New England Life Insurance Company[.]" *Id.* The "Motion to Reconsider" alleged that New England Financial is not a member of NASD, that NASD will not arbitrate disputes between two parties if one of the parties is not a member of NASD, and that as a result, New England Financial was unable to comply with the court order to arbitrate before NASD. New England Financial attached an affidavit from a vice president of sales for New England Life Insurance Company (NELICO), attesting that NELICO is not a member of NASD.

On May 3, 2007, the trial court granted New England Financial's motion without a hearing. Specifically, the trial court set aside its order that the matter be arbitrated before the NASD but provided that the original order compelling arbitration oth-

though the rules governing arbitrations remain unchanged. It is now called the Financial Industry Regulatory Authority (FINRA).

*See* FINRA Home Page, http://www.finra.org (last visited January 3, 2008).

erwise remained in effect. On May 31, 2007, Lesjak filed a motion to correct error, which the trial court denied on June 7, 2007, noting that

> if the Plaintiff may not proceed with its lawsuit without first submitting the matter to arbitration, and if it cannot submit its case to arbitration except through NASD, which will not accept the case for arbitration, then the Plaintiff is without any potential remedy. This was certainly not the intent of the parties and therefore the Court exercised its inherent authority to grant Plaintiff relief from the Courts' [sic] original order requiring arbitration solely with NASD as a matter of equity.

*Id.* at 4.

On June 15, 2007, Lesjak filed a notice of appeal, and on August 13, 2007, he filed a timely appellant's brief. On September 10, 2007, New England Financial sought an extension of time to file its brief, which was granted to and including October 12, 2007. Instead of filing a brief on October 12, 2007, New England Financial filed a Motion to Hold Appeal in Abeyance, in which New England Financial explained that suddenly, NASD—now FINRA—had uncannily agreed to accept the arbitration the day before New England's brief was due, nearly a year after Lesjak had requested and New England Financial had opposed arbitration, and six months after New England Financial claimed that NASD had refused to accept the arbitration because NELICO was not an NASD member. New England Financial explained that in light of the arbitration, the appeal should not move forward:

> It makes no sense for the parties and specifically New England Financial to spent [sic] more time and money to prepare and file additional briefs with the Court of Appeals or for the Court of Appeals to continue to process and hear the appeal filed by Samuel Lesjak since

he now has what he wanted. This assumes that he really did want NASD to arbitrate the case and that he is not like the dog chasing the car who finally caught up with the car and now doesn't know what to do with it. Let's move forward with a resolution of the underlying claims in arbitration and avoid spending more time and money seeking to get the underlying claims dismissed on procedural grounds.

Mot. to Hold Appeal in Abeyance p. 5.

On October 16, 2007, Lesjak filed a motion in opposition to holding the appeal in abeyance. Additionally, Lesjak's motion included a request for damages. Lesjak explained that the basis of New England Financial's request that the trial court reconsider its order to arbitrate the case had been a phone call to NASD. Similarly, the basis of its request that the appeal be held in abeyance was also a phone call to NASD—now FINRA—only now, New England Financial states that it can arbitrate the matter. In the meantime, Lesjak had incurred over $19,000 in attorney fees on, among other things, its comprehensive motion to correct error and appellate brief. As Lesjak explains, "[w]hen New England finally had to justify its actions to this Court, it simply filed the arbitration that the trial court originally ordered and that Lesjak sought all along." Lesjak Mot. for Damages p. 3. Lesjak contends that New England Financial has acted with both procedural and substantive bad faith such that an award of damages pursuant to Indiana Appellate Rule 66(E) is warranted.

On October 29, 2007, the motions panel of this court denied New England Financial's motion to hold the appeal in abeyance. The order states that New England Financial "shall file its brief on or before November 13, 2007. No further extensions of time shall be granted to appellee

to file its appellee's brief." Order of Oct. 29, 2007. The motions panel did not rule on Lesjak's request for damages.

On November 13, 2007, rather than filing a brief, New England Financial filed a motion for extension of time. On November 21, 2007, New England Financial attempted to file its appellee's brief and a motion for leave to include documents outside of the clerk's record in its appendix. On December 14, 2007, the motions panel of this court, among other things, explicitly left these two motions to be ruled upon by the writing panel. Thus, in addition to the substance of the appeal, we must rule on Lesjak's request for damages and New England Financial's motions for extension of time to file its brief and to include documents outside the clerk's record in its appendix.

### DISCUSSION AND DECISION

■ The substance of the appeal—whether the trial court properly ordered that the matter be arbitrated, but not before NASD—is moot. The FINRA arbitration of New England Financial's claims is underway. Thus, we need not answer the questions raised by Lesjak's appeal.

As for the pending motions, we deny New England Financial's motions for extension of time to file its brief and to include documents outside the clerk's record in its appendix. The motions panel could not have been clearer in ordering that New England Financial was required to file its brief on or before November 13, 2007, specifically cautioning that "[n]o further extensions of time shall be granted to appellee to file its appellee's brief." Order of Oct. 29, 2007. New England Financial had already been the beneficiary of one extension of time, which it extended even further by moving to hold the appeal in

abeyance. It was not entitled to a third extension, and its request for such an extension is hereby denied.[2]

■ Finally, we turn to Lesjak's compelling motion for damages. Indiana Appellate Rule 66(E) provides that we "may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees." Substantive bad faith "implies the conscious doing of a wrong because of dishonest purpose or moral obliquity." *Wallace v. Rosen*, 765 N.E.2d 192, 201 (Ind.Ct.App.2002). Procedural bad faith is present "when a party flagrantly disregards the form and content requirements of the Rules of Appellate Procedure, [and] omits and misstates relevant facts appearing in the record . . . ." *Id.*

To determine whether New England Financial's conduct during this litigation and appeal warrant a damages award to Lesjak, we will examine a timeline of relevant events:

- August 21, 2006: New England Financial files its complaint, supported by a letter written by New England Securities's Managing Partner.
- November 21, 2006: New England Financial opposes arbitration, arguing only that it had not agreed to arbitrate this claim.
- April 17, 2007: 137 days after being ordered to arbitrate the claim against Lesjak, New England Financial-suddenly called "New England Financial AKA New England Life Insurance Company"—states for the first time that NELICO is not an NASD member and that as a result, the claim against Lesjak was not arbitrable be-

**2.** A separate order ruling on all pending motions will be entered contemporaneously with the rendering of this decision.

fore NASD. New England Financial does not address the fact that New England Securities—Lesjak's employer—is, in fact, an NASD member.

- June 15, 2007: Lesjak appeals the trial court's order requiring that the matter be arbitrated before an entity other than NASD.
- September 10, 2007: New England Financial seeks an extension of time for filing its brief, which is granted to and including October 12, 2007.
- October 12, 2007: New England Financial files a motion to hold the appeal in abeyance, stating that it had suddenly learned that its claim against Lesjak is, in fact, arbitrable and that it had set the arbitration proceeding in motion. Indeed, pursuant to New England Financial's request, FINRA had conveniently assigned the arbitration a case number on October 11, 2007, just one day before New England Financial's appellate brief was due. In its motion, New England Financial likens Lesjak to "the dog chasing the car who finally caught up with the car and now doesn't know what to do with it." Mot. to Hold Appeal in Abeyance p. 5.
- October 29, 2007: the motions panel denies New England Financial's motion to hold the appeal in abeyance and orders New England Financial to file its brief on or before November 13, 2007, specifically stating that no further extensions of time would be granted.
- November 13, 2007: New England Financial files a second motion for extension of time.
- November 21, 2007: New England Financial files its untimely appellee's brief.

We have little trouble concluding that New England Financial has engaged in both procedural and substantive bad faith during this appeal, if not the entire litigation. After fighting arbitration for months and informing the trial court that, in fact, arbitration before NASD was impossible, New England Financial dramatically reversed course and simply initiated the arbitration on the eve of the due date of its appellee's brief. Although it likely hoped that it would not have to incur the financial and temporal expense of drafting an appellate brief, New England Financial was ordered to do so by this court. When, however, the final due date arrived, New England Financial defied this court's order and filed a motion for extension of time rather than a brief, which arrived a week later. And in the end, after Lesjak has incurred over $19,000 in attorney fees seeking to compel arbitration before NASD, New England Financial adds a final insult to injury by suggesting that Lesjak should be grateful for this outcome.

Whether Lesjak is entitled to attorney fees for New England Financial's conduct prior to this appeal is not, we think, a close call. But it is a call more appropriately made by the trial court or, if the trial court sees fit to direct the arbitrator to consider the issue, the arbitrator. Thus, we remand that issue to the trial court for its consideration.

We find that Lesjak has established that he is entitled to appellate attorney fees and costs pursuant to Appellate Rule 66(E) based on New England Financial's bad faith during the pendency of this appeal. We remand this cause to the trial court for a calculation of the amount of attorney fees and costs to which Lesjak is entitled.

This matter is dismissed as moot and remanded to the trial court with instructions to consider whether Lesjak is entitled to attorney fees and costs for the litigation that occurred prior to this appeal and to calculate the amount of appellate

attorney fees and costs to which Lesjak is entitled.

NAJAM, J., and DARDEN, J., concur.