## In re H&R BLOCK FINANCIAL ADVISORS, INC., Relator.

### No. 14-08-00450-CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 28, 2008.

b. go in, on, or within 1,000 feet of a premises where children commonly gather, including a school, day-care facility, playground, public or private youth center, public swimming pool, or video arcade facility.

898

Kelli E. Gunter, Sean M. Higgins, Houston, for appellants.

David C. Gunn, Baytown, for appellees.

Panel consists of Chief Justice HEDGES, and Justices FROST and GUZMAN.

**OPINION**

EVA M. GUZMAN, Justice.

Relator H & R Block Financial Advisors, Inc. filed the instant mandamus action seeking an order compelling the respondent[1] to enforce a contractual arbitration clause. Real party Andrew Michael Krynik opposes enforcement, asserting that the arbitration provision is moot and that H & R Block waived arbitration by substantially invoking the judicial process. We conditionally grant the petition.

### I. FACTUAL AND PROCEDURAL BACKGROUND

When Krynik was a minor, his father opened two Uniform Gift to Minor Act accounts with The Olde Discount Corporation, now H & R Block. On January 30, 2008, Krynik sued H & R Block and his ex-stepmother, Julie Vieshe. Krynik contends that H & R Block wrongfully released his account proceeds to Vieshe, who absconded with the funds. H & R Block timely answered the suit, and asserted as an affirmative defense that Krynik's claims are subject to the following contractual arbitration clause:

> You agree to submit any and all controversies or claims arising out of the relationship established by this agreement ... to arbitration to be conducted according to the rules and procedures of the New York Stock Exchange, Inc. (NYSE) or the National Association of Securities Dealers, Inc. (NASD), as you may elect, unless the claim or controversy is otherwise found not to be arbitrable....
>
> ....

---

1. The Honorable R. Jack Cagle, presiding judge of Harris County Court at Law No. 1.

Arbitration must be commenced by service of a written demand for arbitration and should indicate the election of NYSE or NASD arbitration proceedings.

Two weeks after answering, H & R Block moved to dismiss the lawsuit and compel arbitration under both the Texas General Arbitration Act and Federal Arbitration Act. Krynik responded initially that he did not sign the investor's agreement; his father did. As a nonsignatory, Krynik denied that his claims were subject to the arbitration agreement. Accordingly, H & R Block moved for summary judgment and argued that, if Krynik was disavowing any contractual claims, the remainder of Krynik's causes of action were time-barred.

At the hearing, Krynik acknowledged that his claims were subject to the arbitration clause. However, he argued that H & R Block substantially invoked the judicial process by moving for summary judgment, thereby waiving arbitration. The trial court suggested that, in lieu of arbitration per the terms of the arbitration clause, that is, according to the rules of the NYSE or NASD, the parties appear before a local arbitrator instead. H & R Block declined that invitation, insisting that the trial court enforce the clause as written. The trial court denied the arbitration motion.

This mandamus proceeding ensued. On June 5, we stayed all underlying proceedings pending resolution of this mandamus action.

## II. Mandamus Standard Of Review

▇▇▇ Mandamus relief will lie if the relator establishes a clear abuse of discretion for which there is no adequate remedy by appeal. *In re AutoNation, Inc.*, 228 S.W.3d 663, 667 (Tex.2007) (orig.proceed-

ing). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding). With respect to the resolution of factual issues, we will not disturb the trial court's ruling unless the record clearly demonstrates that the trial court reasonably could have reached only one decision. *See id.* at 839–40. By contrast, review of a trial court's determination of legal principles is much less deferential. *See id.* at 840. A trial court has no discretion in determining what the law is, or in applying the law to the facts; therefore, a clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion. *Id.* Because a trial court cannot abuse its discretion in reaching a correct result for the wrong reasons, we will uphold the trial court's order on any ground supported by the record. *See In re ExxonMobil Corp.*, 97 S.W.3d 353, 358 (Tex. App.-Houston [14th Dist.] 2003, orig. proceeding); *Luxenberg v. Marshall*, 835 S.W.2d 136, 141–42 (Tex.App.-Dallas 1992, orig. proceeding).

## III. Mootness

▇▇▇ We first address Krynik's mootness claim, because mootness is a threshold issue that implicates subject matter jurisdiction. *See Speer v. Presbyterian Children's Home & Serv. Agency*, 847 S.W.2d 227, 229 (Tex.1993); *Labrado v. County of El Paso*, 132 S.W.3d 581, 589 (Tex.App.-El Paso 2004, no pet.). Generally, Krynik contends that both the NYSE and NASD ceased offering arbitration in July 2007. Krynik further claims that the rules and procedures of both entities no longer exist, and that we therefore lack jurisdiction to order relief that has become impossible.[2] We disagree.

---

**2.** Although Krynik did not raise this argument before the trial court, mootness may be raised

The mootness doctrine prevents courts from rendering advisory opinions, which are outside the jurisdiction conferred by article II, section 1 of the Texas Constitution. *See Valley Baptist Med. Ctr. v. Gonzalez,* 33 S.W.3d 821, 822 (Tex. 2000). An issue may become moot when a party seeks a ruling on some matter which, when rendered, would not have any practical legal effect on a then-existing controversy. *See City of Farmers Branch v. Ramos,* 235 S.W.3d 462, 469 (Tex.App.-Dallas 2007, no pet.); *Tex. Health Care Info. Council v. Seton Health Plan, Inc.,* 94 S.W.3d 841, 846–47 (Tex.App.-Austin 2002, pet. denied). Stated differently, an issue may be moot if it becomes impossible for the court to grant effectual relief for any reason. *See Williams v. Lara,* 52 S.W.3d 171, 184 (Tex.2001). However, the mootness doctrine has no application here, because the arbitration clause may be enforced according to its terms.

The agreed-upon clause requires the parties to submit their dispute to arbitration "according to the rules and procedures" of the NYSE or NASD. Those two entities were consolidated following final regulatory approval from the Securities and Exchange Commission on July 26, 2007. *See Fin. Indus. Regulatory Auth., Inc. v. Fiero,* 10 N.Y.3d 12, 853 N.Y.S.2d 267, 882 N.E.2d 879, 880 n. * (2008). The terms of consolidation called for the NYSE to transfer its member regulatory services to the NASD, which then changed its name to the Financial Industry Regulatory Authority ("FINRA").[3] *Id.* Although the NASD has changed its name, FINRA continues to apply the NASD arbitration rules and procedures.[4] *Lesjak v. New England Fin.,* 879 N.E.2d 1129, 1130 n. 1 (Ind.Ct. App.2008) ("In July 2007, the NASD consolidated its operations and merged with another entity, though *the rules governing arbitrations remain unchanged.*") (emphasis added); *Herbert J. Sims & Co. v. Roven,* 548 F.Supp.2d 759, 762–63 (N.D.Cal. 2008) ("FINRA arbitrations are governed by the NASD Code of Arbitration Procedure."). Therefore, it is not impossible for the parties to arbitrate their dispute under the NASD arbitration rules and principles. In fact, courts continue to enforce NYSE or NASD arbitration clauses by referring parties to FINRA arbitration. *See, e.g., In re H & R Block Fin. Advisors, Inc.,* 235 S.W.3d 177, 179 (Tex.2007) (orig.proceeding) (enforcing H & R Block arbitration clause in an opinion dated August 24, 2007, after the effective date of the NASD/FINRA transaction); *Shammami v. Broad Street Sec., Inc.,* 544 F.Supp.2d 585, 586, 588 (E.D.Mich.2008).[5]

for the first time on appeal inasmuch as the parties must have a justiciable controversy at every stage of the legal proceedings, including the appeal. *See, e.g., Bd. of Adjustment of City of San Antonio v. Wende,* 92 S.W.3d 424, 427 (Tex.2002).

3. The details of the consolidation are set forth in a release from the Securities and Exchange Commission. *See* Allocation of Regulatory Responsibilities, Exchange Act Release No. 34–56148, 72 Fed.Reg. 42146-01, 2007 WL 2186049 (July 26, 2007).

4. *See* FINRA, Arbitration & Mediation—Code of Arbitration Procedure, *available at* http://www.finra.org/Arbitra tionMediation/Arbitra tion/CodeofArbitrationProcedure/p009566; NASD Code of Arbitration Procedure for Customer Disputes, *available at* http://www.finra. org/we b/groups/rules_regs/docu ments/rule_filing/p018365.pdf.

5. We note that *Shammami* involved an arbitration clause requiring the parties to submit their controversy to "arbitration *before* the [NYSE] ... or the [NASD]." *Shammami,* 544 F.Supp.2d at 586 (emphasis added). The Michigan court enforced the clause by referring the parties to NASD/FINRA arbitration. *See id.* at 588. By contrast, the arbitration clause in this case does not specify an arbitrator, and instead merely requires the parties to

Therefore, because the arbitration provision may be enforced as written, we hold that the arbitration issue is not moot. Accordingly, we have subject matter jurisdiction over this mandamus proceeding and will address Krynik's contention that H & R Block waived arbitration by moving for summary judgment.

## IV. WAIVER

Krynik acknowledges the general validity of the arbitration provision, arguing instead that H & R Block waived enforcement when it moved for summary judgment.[6] We disagree.

▓▓▓▓▓ A party waives its right to arbitration if it substantially invokes the judicial process to its opponent's detriment. *See In re Bruce Terminix Co.*, 988 S.W.2d 702, 704 (Tex.1998) (orig.proceeding). Because public policy favors arbitration, the Federal Arbitration Act[7] imposes a strong presumption against finding waiver. *See id.* The burden of demonstrating waiver "falls even more heavily" when, as here, the party seeking arbitration included a demand for arbitration in its original answer. *Keytrade USA, Inc. v. Ain Temouchent M/V*, 404 F.3d 891, 897 (5th Cir. 2005).

▓▓▓▓ Krynik cites only *Price v. Drexel Burnham Lambert, Inc.* to support his claim that H & R Block substantially invoked the judicial process. 791 F.2d 1156 (5th Cir.1986). *Price* does not stand for the proposition that a summary judgment motion, filed in the alternative to an arbitration demand, is sufficient to result in

waiver. The *Price* court, as with *Keytrade*, placed special emphasis on whether the party requested arbitration in its original pleading:

> A demand for arbitration puts a party on notice that arbitration may be forthcoming, and therefore, affords that party the opportunity to avoid compromising its position with respect to arbitrable and nonarbitrable claims. Conversely, where a party fails to demand arbitration during pretrial proceedings, and, in the meantime, engages in pretrial activity inconsistent with an intent to arbitrate, the party later opposing a motion to compel arbitration may more easily show that its position has been compromised, i.e., prejudiced.

*Id.* at 1160–61. The party seeking arbitration in *Price* did far more than simply move for summary judgment as an alternative to its arbitration demand. *See id.* at 1158–59. The Fifth Circuit has concluded that an alternative summary judgment motion, by itself, does not waive enforcement of an arbitration clause:

> First, KUSA argues that CNAN waived its right because it filed an extensive summary judgment motion—in excess of 100 pages—with little evidence of an indication for arbitration. KUSA offers no legal authority for why a motion for summary judgment, filed from a defensive posture, can be characterized as an invocation of judicial process. Even assuming, *arguendo*, that it is, CNAN concurrently filed a motion to compel arbitration in the alternative to its motion

---

arbitrate their dispute using the "rules and procedures" of the now-consolidated entities.

**6.** At the hearing, Krynik's counsel conceded, "I agree that before they moved for summary judgment there was an enforceable arbitration agreement in the contract."

**7.** H & R Block requested arbitration under both the TAA and FAA. Krynik does not contest that the FAA applies, or that mandamus relief is proper to enforce an arbitration agreement governed by the FAA. *See In re Weekley Homes, L.P.*, 180 S.W.3d 127, 130 (Tex.2005) (orig.proceeding).

for summary judgment, *removing any doubt as to waiver.*

*Keytrade,* 404 F.3d at 897–98 (second emphasis added).

 Moreover, the Texas Supreme Court recently confirmed that waiver is decided not on one factor but, rather, on a totality-of-the-circumstances test. *See In re Fleetwood Homes of Tex., L.P.,* 257 S.W.3d 692, 694–95 (Tex.2008) (orig.proceeding) (citing *Perry Homes v. Cull,* 258 S.W.3d 580, (Tex.2008)). Whether a party seeks a judicial decision on the merits of the case may be *one* factor in determining waiver, but it is not the *only* factor. *Perry Homes,* 258 S.W.3d at 591–92. With respect to the *Perry Homes* factors, the mandamus record demonstrates that:

- H & R Block, the movant, is the defendant and did no more than respond to Krynik's lawsuit;

- H & R Block immediately asserted the arbitration clause as an affirmative defense and moved for enforcement within two weeks of answering the lawsuit; and

- the summary judgment motion filed by H & R Block was presented as an alternative to its arbitration demand, only after Krynik claimed that he was not a party to the contract containing the arbitration clause.[8]

*See Perry Homes,* 258 S.W.3d at 591–92.

We therefore hold that, as a matter of law, H & R Block did not substantially invoke the judicial process so as to waive enforcement of the contractual arbitration clause. Because courts are required to enforce privately-negotiated arbitration agreements in accordance with their terms,[9] the trial court abused its discretion in denying H & R Block's motion to compel arbitration.

## V. DISMISSAL OR STAY

Because Krynik's claims against H & R Block are arbitrable, the trial court was required to stay the underlying lawsuit. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 171.021(c), 171.025 (Vernon 2005).[10]

---

8. We are not persuaded by Krynik's suggestion that the summary judgment motion was not filed as an alternative to the arbitration demand. H & R Block's motion to compel arbitration was filed first, on March 13, 2008. The summary judgment motion was filed more than a month later, on April 22, only after Krynik argued that the arbitration agreement was unenforceable as to him. The lead paragraphs in the summary judgment motion demonstrate that H & R Block requested summary judgment solely as an alternative to its arbitration demand:

Plaintiff has sued HRBFA for his ex-stepmother's alleged conversion of funds from two Uniform Gift to Minors Act ("UGMA") Accounts. Both accounts, which were opened for Plaintiff by his father[,] had arbitration clauses. When HRBFA moved to enforce these agreements, Plaintiff argued that he cannot be compelled to arbitration because he did not sign and is not a party to the account agreements
. . . .

*Plaintiff cannot have it both ways.* Having attempted to escape arbitration by disavowing a contractual relationship, his claims are now barred by the 2 year statute of limitations.

At the hearing on both motions, H & R Block's counsel recounted these events and expressly described the summary judgment motion as "alternative." He requested first that the trial court order the case to arbitration but that, if the judge would not enforce arbitration, the summary judgment motion be granted. The trial court specifically recited that he understood the summary judgment to be subject to the ruling on the arbitration demand.

9. *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.,* 489 U.S. 468, 478, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989).

10. Even where an arbitration agreement may be subject to the FAA, we still apply Texas law to resolve procedural issues. *Citigroup Global Mkts., Inc. v. Brown,* 261 S.W.3d 394, 400

Krynik argues that, because H & R Block requested dismissal—and not a stay—of his lawsuit, the trial court did not abuse its discretion in denying this request. Although we agree that dismissal is not mandatory, the trial court abused its discretion in failing to compel arbitration and stay the underlying proceedings.

Because Krynik's claims against H & R Block are arbitrable, the trial court judge was required, at a minimum, to stay the proceedings and order those claims to arbitration. *See id.* § 171.021(c) ("An order compelling arbitration must include a stay of any proceeding[.]"). Because he failed to do so, mandamus relief is warranted. *See Fleetwood Homes,* 257 S.W.3d at 695.

## VI. CONCLUSION

We lift our stay order previously entered on June 5, 2008. We conditionally grant the petition for a writ of mandamus, and direct the trial court judge to stay the underlying lawsuit and compel Krynik's claims against H & R Block to arbitration. The writ will issue only if the trial court fails to act in accordance with this opinion.

n. 2 (Tex.App.-Houston [14th Dist.] 2008, orig. proceeding); *Southland Corp. v. Keating,* 465 U.S. 1, 16, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984).