

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00169-CV

MORTGAGE ELECTRONIC                                    APPELLANT
REGISTRATION SYSTEMS, INC.

V.

MARK DISANTI                                           APPELLEE

----------

## FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

In three issues, Appellant Mortgage Electronic Registration Systems, Inc. (MERS) appeals the trial court's grant of default judgment in favor of Appellee Mark DiSanti. We vacate the trial court's judgment and dismiss the case.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Factual and Procedural History

In April 2009, DiSanti, a real-estate investor, purchased property located in a subdivision in Denton County, Texas, at a foreclosure sale initiated by the subdivision's Homeowner's Association.[2] Linda Leal, who initially owned the property—2356 Jaguar Drive in Frisco, Texas—had signed a promissory note and deed of trust (collectively the Note)[3] with First Horizon Home Loans[4] to fund her purchase. The Note listed the property as security and named MERS "beneficiary" of the agreement.[5]

On December 1, 2009, DiSanti filed a petition seeking a declaration of MERS's rights relative to the property and requesting that a lien in favor of MERS based on the Note be discharged and extinguished if MERS failed to answer or to verify the Note's validity. On February 8, 2010, after MERS failed to timely respond, DiSanti moved for a default judgment. On February 10, 2010, the trial court signed a default judgment ordering that MERS's interest in the property be

---

[2]The record indicates that the deed conveying the property to DiSanti was recorded in Denton County, Texas, on April 13, 2009.

[3]The Note was recorded in Denton County, Texas, on September 7, 2007.

[4]First Horizon is a division of Tennessee Bank National Association.

[5]MERS, developed by the "real estate finance industry," facilitates the sale and resale of instruments in the secondary mortgage market. *See MERSCORP, Inc. v. Romaine*, 861 N.E.2d 81, 83 (N.Y. 2006). MERS contracts with lenders to track security instruments in return for an annual fee. *Id*.

2

extinguished, awarding DiSanti $2,500 in trial attorneys' fees, and outlining prospective attorneys' fees for appeals.

On March 5, MERS filed a motion for new trial and to set aside the default judgment.[6] In its motion, MERS asserts that it is First Horizon's nominee, but it also indicates that it transferred its interest to Met Life Home Loans, a division of Met Life Bank, at some point after Leal's June, 22, 2009 default.[7] Specifically MERS states,

> On or about June 22, 2009, Leal defaulted under the Note and Deed of Trust and a Notice of Substitute Trustee's Sale ("Notice") was filed of record in the Denton County Deed Records. Pursuant to the terms of the Notice, *the note and liens had been transferred and assigned from MERS to Met[L]ife Home Loans*[,] a division of Met Life Bank N.A. ("Met Life"). [DiSanti] is held to have constructive and actual notice of this transfer as it was filed of record. However, [DiSanti] failed to give notice to MetLife of its lawsuit.[8] [Emphasis added.]

---

[6]In its motion, MERS asserts that it is First Horizon's nominee, but at the time DiSanti filed suit, the Note had already been transferred to Met Life.

[7]Both MERS and Met Life indicate that the Note was assigned to Met Life prior to DiSanti's December 1, 2009 filing date.

[8]MERS also made this argument at the hearing on its motion for new trial, stating,

> One other very important thing to note here, Your Honor—one other very important thing to note that is quite significant is that when Mr. DiSanti filed this lawsuit last year, December of '09, MERS had actually—there was a Notice of Substitute Trustee's Deed that had been filed of record here in Denton County back in June of '09 stating on that Notice of Substitute Trustee's Deed that the loan had been assigned from MERS to MetLife . . . . In this instance, it actually should have been MetLife, but instead he sued MERS.

Per the trial court's docket entry on May 25, 2010, MERS's motion was denied.

3

In its opening brief to this court, MERS states that it assigned the deed of trust to Met Life in April 2009 "before DiSanti filed his petition against MERS and before default was entered against MERS." In its reply brief, MERS admits that the deed of trust assignment was not recorded until April 13, 2010, more than two months after the trial court signed the default judgment. The date the substitute trustee deed and deed of trust were recorded are referenced in the parties' testimony and briefs, but copies of the deeds are not included in the record.

Met Life, which attempted to intervene after the trial court signed the default judgment, stated in its plea in intervention that it was the current noteholder when DiSanti filed suit on December 1, 2009, and that it should have been the proper party served by DiSanti "since there was a notice of substitute trustee sale that had been filed of record, stating [Met Life] was the noteholder at the time [DiSanti] filed its Original Petition." The trial court did not rule on Met Life's plea in intervention.[9] This appeal followed.

### III. Mootness Doctrine

The mootness doctrine prevents courts from rendering advisory opinions, which are outside the jurisdiction conferred by article II, section 1 of the Texas Constitution. *See Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000). A controversy must exist between the parties at every stage of the

---

[9]The trial court also did not rule on the plea in intervention filed by Kingman Holdings, L.L.C. Kingman asserted an interest as purchaser of the property from DiSanti on February 15, 2010. Kingman is not party to this appeal.

4

legal proceeding, including the appeal. *Bd. of Adjustment of City of San Antonio v. Wende,* 92 S.W.3d 424, 427 (Tex. 2002); *McClure v. JPMorgan Chase Bank,* 147 S.W.3d 648, 651 (Tex. App.—Fort Worth 2004, pet. denied). An issue may become moot when a party seeks a ruling on some matter that, when rendered, would not have any practical legal effect on a then-existing controversy. *See In re H&R Block Fin. Advisors, Inc.*, 262 S.W.3d 896, 900 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding); *City of Farmers Branch v. Ramos*, 235 S.W.3d 462, 469 (Tex. App.—Dallas 2007, no pet.). When an appeal is moot, we must set aside the judgment and dismiss the cause. *McClure,* 147 S.W.3d at 651; *City of Fort Worth v. Pastusek Indus., Inc.,* 48 S.W.3d 366, 371 (Tex. App.—Fort Worth 2001, no pet.).

## IV.  Analysis

Though at the time of DiSanti's purchase MERS held an interest in the property, all three parties involved—MERS, Met Life, and DiSanti—agree that at the time DiSanti filed suit, MERS had assigned its interest to Met Life. *See* Tex. R. App. P. 38.1(g) ("In a civil case, the court will accept as true the facts stated unless another party contradicts them."). The assignment extinguished MERS's rights in the property. *MG Bldg. Materials, Ltd. v. Moses Lopez Custom Homes, Inc.*, 179 S.W.3d 51, 57 (Tex. App.—San Antonio 2005, pet. denied) (recognizing that an assignment transfers a right or interest from one party to another); *Luker v. Arnold*, 843 S.W.2d 108, 120 (Tex. App.—Fort Worth 1992, no writ) (noting that absent a specified effective date, an assignment is effective upon signing).

5

Because MERS no longer had any right to the property at the time DiSanti filed suit, DiSanti's requests for declaratory and default judgments against MERS, even if granted, have no practical legal effect on DiSanti's rights to the property. Thus, the issue between the parties is moot. *See Meeker v. Tarrant Cnty. Coll. Dist.*, 317 S.W.3d 754, 760 (Tex. App.—Fort Worth 2010, pet. filed) (stating an issue is moot when "one seeks judgment on some matter which, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy."); *see also Love Terminal Partners, L.P. v. City of Dallas*, 256 S.W.3d 893, 896 (Tex. App.—Dallas 2008, no pet.) (same). We therefore hold that MERS's appeal is moot.

## V. Conclusion

Having held that MERS's appeal is moot, we vacate and set aside the trial court's judgment, and dismiss this case for lack of subject-matter jurisdiction. *See Tex. Foundries, Inc. v. Int'l Moulders & Foundry Workers' Union,* 151 Tex. 239, 241, 248 S.W.2d 460, 461 (1952) (stating that "when a case becomes moot on appeal, all previous orders are set aside by the appellate court and the case is dismissed" and that merely dismissing the appeal "would have the effect of affirming the judgment of the lower court without considering any assignments of error thereto").

BOB MCCOY
JUSTICE

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED:  January 27, 2011