**Opinion issued December 5, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00200-CV

———————————

## IN RE CITY OF HOUSTON, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## DISSENTING OPINION

Relator, the City of Houston, has petitioned this Court for a writ of mandamus, seeking review of the trial court's order granting a new trial and denying the City's motion for judgment on the verdict. The majority conditionally grants the City's mandamus petition and orders the trial court to withdraw its new trial order and to render judgment on the jury verdict. I dissent.

No final judgment was entered by the trial court in this case, and, in the same order in which it ordered a new trial, the trial court denied opposing motions by the City for entry of judgment on the verdict and by the Plaintiffs for judgment notwithstanding the verdict ("JNOV"). The majority overturns the order granting a new trial and, without reviewing the merits of either the City's motion for entry of judgment on the verdict or the Plaintiffs' JNOV motion or permitting the trial court to do so, orders the trial court to render final judgment for the City on the verdict. It thus removes from the trial court the jurisdiction to consider and determine the merits of the Plaintiffs' JNOV motion, which argued that the jurors' answers were in conflict with each other with respect to the very issue on which the trial court granted a new trial.

**Background**

This is a case for damages suffered when a police car, speeding without lights or siren at sixty miles per hour, crashed into a car driven by Plaintiff LaShonda Rochelle, injuring Rochelle and her passenger, Plaintiff Mattie Etubom. Following a trial, the jury found that both the City and Rochelle were negligent, and it assigned 60% of the negligence it found against the City and 40% against Rochelle. Question No. 3 asked the jury to determine if "the occurrence in question" arose from the actions of the police officer "while performing a discretionary duty, in good faith, and within the scope of his authority." Question

2

No. 3 instructed the jury that "[d]riving can be a discretionary duty when the officer is engaged in high-speed chases, investigations, and traffic stops, and otherwise responding to an emergency call or reacting to an emergency situation. But an officer's conduct can only be a discretionary duty if the officer is not in violation of a mandatory policy or practice of the Houston Police Department." Question No. 4 asked whether the "emergency exception" applied. This question instructed the jury that the "emergency exception" applies when the occurrence arose from the actions of the officer "while responding to an emergency call or reacting to an emergency situation" and the officer did not act with conscious indifference or reckless disregard for the safety of others.

As the Plaintiffs pointed out in their motion for JNOV, a "yes" answer to Question No. 3 meant that the City was immune from liability, while a "no" answer meant that it was not. A "yes" answer to Question No. 4 also meant that the City was immune from liability, even if the jury answered "no" to Question No. 3, while a "no" answer to Question No. 4 coupled with a "no" answer to Question No. 3 meant that the City was liable for the damages for negligence found by the jury. The jury charge did not explain that the City was immune from damages caused by acts of the police in violation of a discretionary policy. In response to Questions No. 5, 6, and 7, the jury also found that the City owed substantial damages to each of the Plaintiffs for its negligence.

The jury answered "yes" to Question No. 3, thereby finding that the police officer was following a discretionary policy when he crashed into the Plaintiffs' car, so that the City was immune from damages; and it answered "no" to Question No. 4, finding that there was no emergency that would protect the City from liability if the police officer's acts were in violation of a mandatory policy. The ultimate question in the case, therefore, was whether the policy that afforded the police immunity from violations of traffic laws was a mandatory policy that the police violated in this case, subjecting the City to liability for the damages found by the jury, or whether the police officer's violation of traffic laws was a discretionary act for which the City was immune from liability.

The City moved for entry of judgment on the verdict, which the Plaintiffs opposed. In her response to the City's motion, Rochelle moved for a new trial. Etubom separately moved for JNOV or, in the alternative, a new trial. In her JNOV motion, Etubom argued that there was an irreconcilable conflict in the jury's answers to Questions No. 3 and 4.

The trial court denied the motions for judgment on the verdict, mistrial, and JNOV, and, in the same order, granted the Plaintiffs' motions for new trial on two grounds: (1) the City had engaged in repeated misconduct by concealing or destroying evidence and by violating the court's order on the plaintiffs' motion in limine; and (2) a new trial was justified by newly discovered evidence and a

4

witness who had not been disclosed.  Specifically, the trial court held that the City had committed "acts and omissions . . . in concealing and destroying critical evidence," including "(1) the withholding and destruction of the police call slip allegedly showing an emergency call; (2) the withholding and destruction of the Mobile Data Terminal in the police cruiser and any data contained therein concerning the alleged emergency call; (3) exploding a bomb in the police cruiser involved in the collision; and (4) improperly withholding other relevant and probative information in the possession of the City of Houston that had been properly requested in discovery as set forth below."  Thus, "[d]ue to this repeated misconduct by the City of Houston, and the cumulative effect of such misconduct upon the trial," a new trial was "necessary in the interest of justice."

In addition, the trial court found that a new trial was warranted because the City had withheld "revised General Order 600-01," which the Plaintiffs had properly requested in discovery, setting out the City's policy with respect to answering Priority 2 (non-emergency) calls.  The revised General Order 600-01 left out express language in the version of General Order 600-01 that was in effect at the time of the accident which stated that an officer responding to a Priority 2 call "will proceed directly to the scene, obey all traffic laws, (unless utilizing red light and siren), and not stop any traffic violators."  The original General Order 600-01 was produced in response to a proper discovery request, but the revised

General Order that removed the language directing the police to obey traffic laws was not.

The City argued at trial that the language requiring the police to "proceed directly to the scene, obey all traffic laws, (unless utilizing red light and siren), and not stop any traffic violators" did not impose a mandatory duty on the police. In ordering a new trial, the trial court concluded that the General Order that removed that language had been properly sought in discovery, was not produced, and was "credible evidence highly relevant to and probative of whether the provisions of the prior order in effect at the time of the events made the basis of this suit were mandatory and not discretionary." The trial court also found that this evidence was relevant to explain the contradiction between Officer Parker's deposition testimony, in which he testified that he did not have the discretion to violate the traffic laws if he was not using his emergency lights and siren, and his trial testimony that he did have such discretion. The court ruled that this evidence "would have likely produced a different trial result." The court also found that another officer who testified in another civil action in 2011 that the policy in effect in 2009, when the accident occurred, was mandatory should have been identified by the City.

For the foregoing reasons, as well as for the cumulative effect of the City's discovery abuses, the trial court ordered a new trial "in the interest of justice"

6

while simultaneously denying the City's motion for entry of judgment on the verdict and the Plaintiffs' motion for JNOV, in which the Plaintiffs argued that the jurors' answers to Questions No. 3 and 4 were in conflict because they permitted the jurors both to find that the policy the police officer violated was discretionary, so that the City was immune from the damages that the jury found in response to other questions, and that it was mandatory, so that the City was liable for the damages found. Because the same issues were inextricably intertwined in both the Plaintiffs' JNOV motions and their motions for new trial, it seems self-evident that the Plaintiffs' JNOV motion was considered by the trial court, if at all, as presenting additional grounds for granting a new trial that were mooted by its order.

Before the commencement of the new trial, the City filed this mandamus petition seeking to vacate the order on the Plaintiffs' motion for new trial and asking this Court to enter judgment on the verdict. The majority finds all of the grounds upon which a new trial was ordered to be invalid and the order granting a new trial to be an abuse of the trial court's discretion. It then conditionally grants the City's mandamus petition and orders the trial court to withdraw its order granting a new trial and to render judgment on the verdict without itself reviewing the merits of the City's motion for entry of judgment on the verdict or the Plaintiff's JNOV motion, and without permitting the trial court to do so in the

7

exercise of its own jurisdiction. The majority states only that "[w]hen the trial court specifies the reasons for a new trial order and those reasons are invalid, judgment on the verdict is proper. Because we conclude that ordering a new trial for any of the reasons specified in the trial court's order would constitute an abuse of discretion, we hold that the City is entitled to judgment on the jury's verdict." Slip Op. at 19 (citing *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 762 (Tex. 2013) (orig. proceeding)).

## Analysis

I believe that the parties' opposing motions for entry of judgment on the verdict and for entry of JNOV—both of which the trial court denied in its order granting a new trial without addressing the merits of these motions—were rendered moot by that order and are revived by this Court's vacating the new trial order. Therefore, the majority's opinion effectively deciding those motions and ordering the trial court to render judgment in favor of the City on the verdict interferes with the jurisdiction of the trial court and is advisory and improper.

An issue may be moot if it becomes impossible for the court to grant effectual relief. *In re H&R Block Fin. Advisors, Inc.*, 262 S.W.3d 896, 900 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding). "Appellate courts are prohibited from deciding moot controversies." *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). The mootness doctrine prevents courts from

8

rendering advisory opinions, which lie outside the jurisdiction conferred on the courts by the Texas Constitution. *Id.*; *In re H&R Block*, 262 S.W.3d at 900; *see also Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (per curiam) (holding that appeal of order became moot when order was complied with and court of appeals was notified and that court of appeals erred in issuing advisory opinion on merits of appeal).

Here, the trial court's order granting a new trial while retaining jurisdiction over the proceedings necessarily mooted the pending motions for entry of judgment on the verdict and entry of JNOV. Under the mootness doctrine, this Court has no jurisdiction to render a judgment and opinion granting or denying either of those mooted motions. Upon this Court's vacating the trial court's order granting a new trial in response to this mandamus petition, the trial court still retains jurisdiction over the case until entry of final judgment in that court. *See In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 230–32 (Tex. 2008) (orig. proceeding) (holding trial court has jurisdiction to reconsider new trial order as long as case is pending). The judgment rendered by this Court, therefore, interferes with the jurisdiction of the trial court. And it places the Plaintiffs in the impossible position of having to move for rehearing of this Court's opinion implicitly denying their motion for JNOV on the merits and granting the City's motion for entry of judgment on the verdict on the merits, or to seek review in the

9

supreme court, or to take a direct appeal of the trial court's judgment on the verdict to the very appellate Court that ordered the trial court to render that judgment.

Even assuming that the majority's determination that the factors expressly set out by the trial court as warranting a new trial in the interest of justice were not valid reasons for granting a new trial under the circumstances of this case—a point I do not concede—I still would not be able to find a basis for this Court to remove jurisdiction over the motions for entry of judgment on the verdict and entry of JNOV from the trial court and to weigh and implicitly determine the merits of the parties' opposing motions, given the centrality of the issue of whether the police officer was acting at his discretion or in violation of a mandatory policy—an issue the Plaintiffs argue in their JNOV motion led to contradictory findings by the jury in the verdict. Nor can I find jurisdiction on the part of this appellate Court to order the trial court to render final judgment on the verdict in the absence of a ruling on the merits of these motions from the trial court itself. In my own judgment, it is both beyond this Court's power and irrational for the majority to order the trial court to render judgment on the verdict without first permitting the trial court to determine whether the verdict contradictorily finds the City liable for damages because the officer violated a mandatory policy and immune from damages because the officer violated a discretionary policy.

## Conclusion

I would deny the petition for writ of mandamus. I would not grant the petition, nor would I order the trial court to withdraw its new trial order and render judgment on the verdict.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Higley, and Massengale.

Justice Keyes, dissenting.

11