ACCEPTED
01-13-01061-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/12/2015 1:36:55 PM
CHRISTOPHER PRINE
CLERK

**Cause No. 01-13-01061-CV**

**IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS
HOUSTON, TEXAS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

5/12/2015 1:36:55 PM

CHRISTOPHER A. PRINE
Clerk

**JACK NUSZEN,**

**Plaintiff-Appellee,**

**v.**

**MIRIAM BLANK,**

**Defendant-Appellant.**

**On Appeal from the 246th Judicial District Court of
Harris County, Texas
Cause No. 2008-51454**

# APPELLANT'S RESPONSE TO THE COURT'S ORDER

**WANIES-GUIRGIS, PLLC**
Christina Wanies-Guirgis
Texas Bar No. 24084772
9555 W. Sam Houston Pkwy S., Suite130
Houston, Texas 77099
Telephone (832) 582-8331
Facsimile (832) 379-7490
WaniesGuirgisLaw@gmail.com

**ATTORNEY FOR APPELLANT, MIRIAM BLANK**

**APPELLANT'S RESPONSE TO THE COURT'S ORDER, 1**

## IDENTITIES OF THE PARTIES AND COUNSEL

Appellant certifies that the following is a complete list of parties, attorneys, and any other person who has any interest in the outcome of this lawsuit:

Appellant:
Miriam Blank
c/o Mrs. Christina Wanies-Guirgis
9555 W. Sam Houston Pkwy S., Ste. 130
Houston, Texas 77099

Appellate Counsel:
Christina Wanies-Guirgis
9555 W. Sam Houston Pkwy S., Ste. 130
Houston, Texas 77099
Telephone: (832) 582-8331
Facsimile: (832) 582-8331

Appellee:
Jack Nuszen
c/o Ricardo Ramos
440 Louisiana, Ste. 1450
Houston, Texas 77002
Telephone: (713) 227-7383
Facsimile: (713) 227-0104

Attorney for Appellee on Appeal:
Ricardo Ramos
440 Louisiana, Ste. 1450
Houston, Texas 77002
Telephone: (713) 227-7383
Facsimile: (713) 227-0104

Attorney for Appellee at Trial Level:

Golda Jacob
440 Louisiana, Ste. 1450
Houston, Texas 77002
Telephone: (713) 227-7383
Facsimile: (713) 227-0104
Honorable Charley Prine
Trial Court Judge
Judge Presiding, 246th Judicial District
201 Caroline
Houston, Texas 77002
Telephone: (713) 274-4500

## I.   INTRODUCTION

Appellant's response is based on an order, dated May 5, 2015, issued by the Honorable Judge Terry Jennings. The Court's order stated that "…unless the parties to this appeal demonstrate, within 10 days of the date of this order, that there remains a live controversy between them *as to the merits of this appeal*, the appeal may be dismissed." Appellant respectfully shows the Court that a live controversy does exist.

## II.   FACTS

On November 20, 2013, the 246th District Court rendered a judgment in the Appellee's Suit to Modify Parent-Child Relationship, appointing Appellee as the Sole Managing Conservator, and divesting Appellant of many of her parental rights. Appellant diligently and timely perfected her appeal and filed her appellate brief on July 18, 2014. On or about January 2015, Appellee filed another Petition to Modify the Parent-Child Relationship with the 246th Judicial Court (the same court that issued the orders that the Appellant complains of in this appeal), taking advantage of the fact that the Court of Appeals had not yet made a ruling on the appeal and thus knowing that the honorable Court could potentially lose

jurisdiction over the matter. To this date, the Court of Appeals has not rendered a ruling in this appeal and Appellant and her children are in danger of the repercussions of the Court losing jurisdiction.

## III. ARGUMENT

**A. The Filing of Appellant's Appeal Divested the District Court of Jurisdiction to Modify the Prior Child Custody and Child Support Orders in this Appeal.**

Filing a notice of appeal generally divests the district court of jurisdiction over those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 57 (1982). Only one court at a time has jurisdiction over a subject, and therefore a district court may not amend a decision that is under review in the court of appeals. *Coastal Corp. v. Texas Eastern Corp.*, 869 F.2d 817, 821 (1989).

Once jurisdiction attaches, the appellate power is plenary. By statute, the court of appeals is vested with the power to "affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause, direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances." 28 U.S.C. § 2106; *See, e.g.*, *United States v. White*, 855 F.2d 201 (5th Cir. 1988) (exercise of supervisory power over all district courts in the circuit). The primary grant of jurisdiction to the courts of appeals confers power to

review "all final decisions of the district courts," and thus the power to review a judgment or order depends on the characteristic of "finality." 28 U.S.C. § 1291.

Congress has amended the general rule-making statute to provide that the Supreme Court "may define when a ruling of a district court is final for purposes of appeal" under § 1291, however no such finality rules have yet been promulgated and therefore, appellate jurisdiction remains a function of court opinions interpreting and applying the statute. 28 U.S.C. § 2072(c). The Fifth Circuit once encapsulated the concept of finality: "an order, otherwise nonappealable, determining substantial rights of the parties which will be irreparably lost if review is delayed until final judgment may be appealed immediately under § 1291." *United States v. Wood*, F.2d 772, 778 (5th Cir.), *cert. denied*, 369 U.S. 850 (1961).

The general rule that a district court cannot take any further action in the case once an appeal is filed has several exceptions: (1) an appeal from an interlocutory decision; (2) a motion for stay pending appeal; or (3) a motion to proceed on appeal *in forma pauperis*. A district court may again act in a case returned to it after the court of appeals issues it mandate; actions taken before then are a nullity. In this present case, the district court was not permitted to allow the Appellee to continue with his second modification of the final orders rendered in the parties' divorce. The district court lost its jurisdiction to entertain the case once the Appellant filed notice of her appeal in December 2013.

**B.**   **A Live Controversy Exists Between the Parties As to the Merits of This Appeal.**

The existence of a live controversy is essential to the exercise of appellate of jurisdiction. *See, e.g., Valley Baptist Med. Centr. V. Gonzalez*. 33 S.W.3d 821, 822 (Tex. 2000). A controversy must exist between the parties at every stage of the legal proceeding, including the appeal. *Bd. of Adjustment of City of San Antonio v. Wende,* 92 S.W.3d 424, 427 (Tex. 2002); *McClure v. JPMorgan Chase Bank*, 147 S.W.3d 648, 651 (Tex. App.—Fort Worth 2004, pet. denied). An issue may become moot when a party seeks a ruling on some matter that, when rendered, would not have any practical legal effect on a then-existing controversy. *See In re H&R Block Fin. Advisors, Inc.*, 262 S.W.3d 896, 900 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding); *City of Farmers Branch v. Ramos*, 235 S.W.3d 462, 469 (Tex. App.—Dallas 2007, no pet.).

"The general rule is that a case becomes moot, and thus unreviewable, when it appears that a party seeks to obtain relief on some alleged controversy when in reality none exists." *Schaban-Maurer v. Maurer-Schaban*, 238 S.W.3d 815, 822 (Tex. App.—Fort Worth 2007, no pet.) (*citing Williams v. Lara,* 52 S.W.3d 171, 184 (Tex. 2001)). "A case is not rendered moot simply because some of the issues become moot. . . ." *In re Kellogg Brown &*

*Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). An issue may become moot when a party seeks a ruling on some matter which, when rendered, would not have any practical legal effect on a then-existing controversy. *See In re H&R Block Fin. Advisors, Inc.*, 262 S.W.3d 896, 900 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding).

Appellant believes that the outcome of this appeal will still greatly impact the parties' rights, thus restoring this Court's continuing jurisdiction over the appeal. Appellee's second SAPCR filing occurred several months *after* the filing of this appeal. Appellee's suit sought to modify the existing orders of Judge York rendered prior which bestowed Appellee with many of the contended parental rights. This appeal remains live and justiciable because not only was there an injury that Appellant raised at the time of filing this appeal, but there is a *continuing* injury that this appeal could redress, and any relief granted by this Court would have practical legal effect if awarded. *Id.* at 900.

Further, even if this Court decides that Appellant's claims are moot, they nonetheless fall within an exception to the mootness doctrine for cases that are "capable of repetition, yet evading review." *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). This exception requires a plaintiff to "prove that: (1) the challenged action was too short in duration to be litigated fully before the action ceased or expired; and (2) a reasonable expectation exists that the same complaining party

will be subjected to the same action again." *Id.* Here, Appellee's actions are capable of repetition. Appellant complains of the trial court's ruling from November 2013, which divests her of many of her parental rights and imposes an absurd child support amount on her. This type of injury is capable of repetition in that Appellee has the trial court at his disposal to continue modifying Appellant's parental rights until she virtually will have no rights, which Appellee has already done time and time again. If the Court of Appeals does not intervene and decide Appellant's appeal, then the injuries that Appellant and her children suffer from Appellee continually asking the trial court to modify existing orders will undoubtedly continue to repeat, especially if Appellant is forced to appeal each and every modification that Appellee files.

## IV.   RELIEF REQUESTED

Appellant, Miriam Blank, respectfully asks the Court to acknowledge that it has jurisdiction over her appeal and for the Court to decide the appeal in a timely manner.

Miriam Blank prays that the Court grant this appeal.

Dated: May 12, 2015

Respectfully submitted,

*/s/ Christina Wanies-Guirgis*
Christina Wanies-Guirgis
Texas Bar Number 24084772
9555 W. Sam Houston Parkway S., Ste 130

Houston, Texas 77099
Tel: (832) 582-8331
Fax: (832) 379-7490
WaniesGuirgisLaw@gmail.com
**Attorney for Plaintiff-Appellant**
**Miriam Blank**

## CERTIFICATE OF SERVICE

I certify a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on May 12, 2015.

*/s/ Christina Wanies-Guirgis*
Christina Wanies-Guirgis

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rules of Appellate Procedure 9.4, I hereby certify that this Appellant's Reply Brief contains 1,738 words. This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

/s/ Christina Wanies-Guirgis
Christina Wanies-Guirgis
**Attorney for Plaintiff-**
**Appellant, Miriam Blank**