

**NUMBER 13-15-00537-CV**

# COURT OF APPEALS
# THIRTEENTH DISTRICT OF TEXAS
# CORPUS CHRISTI - EDINBURG

HARI PRASAD KALAKONDA,                                    Appellant,

v.

SUSSER PETROLEUM OPERATING COMPANY, LLC,          Appellee.

### On appeal from the County Court at Law No. 3
### of Nueces County, Texas.

**NUMBER 13-15-00538-CV**

# COURT OF APPEALS
# THIRTEENTH DISTRICT OF TEXAS
# CORPUS CHRISTI - EDINBURG

## IN RE HARI PRASAD KALAKONDA

### On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Rodriguez and Perkes
## Memorandum Opinion Per Curiam[1]

By both appeal and petition for writ of mandamus, Hari Prasad Kalakonda, proceeding pro se, seeks to compel arbitration of the claims in the underlying lawsuit between Kalakonda and Susser Petroleum Operating Company, LLC ("Susser"). In cause number 13-15-00537-CV, Kalakonda appeals an order of the trial court denying arbitration. In cause number 13-15-00538-CV, Kalakonda has filed a petition for writ of mandamus seeking to compel the trial court to require arbitration with Susser. This Court previously granted a stay of the trial court proceedings and requested that Sussser file a response to Kalakonda's petition for writ of mandamus.

Currently before the Court is Susser's "Notice of Submission of Case to Arbitration and Suggestion that Appellate Proceedings are Moot." According to this pleading, Susser has filed a complaint in arbitration with the American Arbitration Association and Kalakonda's appeal and petition for writ of mandamus are now moot. Susser requests that this Court dismiss the appeal and original proceeding as moot because the parties are proceeding to arbitration.

An appellate court is prohibited from deciding a moot controversy or rendering an advisory opinion. *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex.1999); *City of Farmers Branch v. Ramos*, 235 S.W.3d 462, 469 (Tex. App.—Dallas 2007, no pet.). If a controversy ceases to exist or the parties lack a legally cognizable

---

1 *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

interest in the outcome at any stage, the case becomes moot. *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). Stated otherwise, an issue may be moot if it becomes impossible for the court to grant effectual relief for any reason. *In re H & R Block Financial Advisors, Inc.*, 262 S.W.3d 896 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding); *see Williams*, 52 S.W.3d at 184.

The Court, having examined and fully considered the matters at issue in this appeal and petition for writ of mandamus, and Susser's request to dismiss these cases, is of the opinion that the appeal and original proceeding are now moot. Accordingly, the Court GRANTS Susser's motion to dismiss these cases, LIFTS the stay previously imposed by this Court, and DISMISSES the petition for writ of mandamus and appeal as moot. *See* TEX. R. APP. P. 52.8(a). Other pending motions, if any, are likewise dismissed as moot.

PER CURIAM

Delivered and filed the
1st day of December, 2015.