

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00089-CV

---

IN RE BARBARA GROVES, RELATOR

ORIGINAL PROCEEDING

July 24, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

In line with what Barbara Groves described as "laconic order[s]," we conditionally grant her petition for writ of mandamus. She sought same against the Honorable John Grace, 72nd District Court (trial court), after the trial court issued its July 18, 2022 letter addressing the request of Jack Robnett d/b/a Ground-Up Inspections to compel arbitration.[1] The court's missive consisted of: "The Motion to Compel Arbitration in the above-referenced case is granted. Thank you for your patience."[2] Nothing else was said. The parties were not expressly compelled to arbitrate anything. Nor were any

---

[1] Robnett is but one of three defendants to a suit Groves initiated to recompense alleged deceptive trade practices.

[2] The predecessor to the current judge of the 72nd District Court issued the missive. Groves moved Judge Grace to reconsider it, which motion the trial court denied.

proceedings stayed. We note the latter omission because statute mandates that "[a]n order compelling arbitration must include a stay of any proceeding subject to Section 171.025." TEX. CIV. PRAC. & REM. CODE ANN. § 171.021(c).[3] Moreover, failing to comply with section 171.021(c) warrants "mandamus relief." *In re H & R Block Fin. Adv., Inc.* 262 S.W.3d 896, 903 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding). This seems especially so here in view of the "laconic," or highly abbreviated, nature of the July 18th missive.

We conditionally grant the petition for writ of mandamus filed by Barbara Groves. Should the trial court not vacate or modify the July 18, 2022 letter and issue an order complying with section 171.021(c) of the Texas Civil Practice and Remedies Code within 30 days of the date of this opinion, we will direct it to do so. We say nothing of other purported deficiencies or errors raised by Groves; the trial court retains jurisdiction over the underlying cause and remains free to reconsider them, should it care to do so.

Brian Quinn
Chief Justice

---

[3] Section 171.025 states that the trial court "shall stay a proceeding that involves an issue subject to arbitration if an order for arbitration or an application for that order is made . . . ." and the "stay applies only to the issue subject to arbitration if that issue is severable from the remainder of the proceeding." TEX. CIV. PRAC. & REM. CODE ANN. § 171.025(a) & (b).